No. 28.—SARAH K. DANIEL, Exor. and others, plaintiffs in error, vs. TOWNSEND, ARNOLD & Co., defendants in error.

[1.] An averment that the surviving partner, has been sued to insolvency, is equivalent to an allegation, that the firm is insolvent, so as to entitle the creditor to go on upon the individual estate of the deceased partner.

[2.] A plea of assets belonging to a firm, so as to restrain the creditor, from pursuing the individual estate of the deceased partner, must be signed and verified, and show affirmatively, that the firm effects are sufficient to pay the firm debt.

In Equity, in Sumter Superior Court.   Decision by Judge ALLEN, October Term 1856.

Motion to dismiss the defendant's plea, and take the bill *pro confesso*, upon the following grounds :

1st.  Because defendant's plea is not signed by counsel nor sworn to.

2d.  Because the matter set up in the plea had already been passed upon and decided upon the demurrer to the bill.

The Court sustained the motion, dismissed the plea and ordered the bill to be taken *pro confesso*.   And defendant's counsel excepted and assigns error.

McCor & HAWKINS, for plaintiff in error.

SULLIVAN, for defendant in error.

Daniel vs. Townsend, Arnold & Co.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The bill charges that Townsend & Co. sued Eason Smith, the surviving partner of Smith & Daniel to insolvency, and seeks to make the complainant's debt out of the estate of James H. Daniel, the deceased partner. The bill was demurred to for want of equity. That is, that the allegation that the surviving partner was sued to insolvency, does not amount to an averment that the *partnership* was *insolvent*, so as to entitle the creditor to go over upon the individual estate of Daniel.

The Court overruled the demurrer, deciding that there was equity in the bill.

Subsequently a plea was put in to the effect, that there were assets belonging to the firm of Smith & Daniel, of the value of one thousand dollars; but the plea was neither signed nor sworn to. The Court rejected the plea on this account and for the further reason, that the matter contained in the plea was covered by the judgment upon demurrer.

[2.] While we are compelled to affirm the judgment of the Court, on account of the informality of the plea, we dissent from the conclusion that the matter contained in the plea was concluded by the judgment upon the demurrer.

Admitting the allegation in the bill, that Smith, the surviving partner of Smith & Daniel, was sued to insolvency, was tantamount to an averment that the *firm* of Smith & Daniel was insolvent, (and we are inclined to think that it was,) still the matter contained in the plea is altogether new. And had the plea been in proper form, and had it shown affirmatively that the assets referred to were sufficient to cover the complainant's demand, it should have been reversed. As the case now stands, no injury can result to the defendant as the same matter contained in the plea may be put in the answer; so that at the hearing and upon the proofs, all the equity of the parties can be properly adjusted

Judgment affirmed.