## HARTSHORN v. SMITH.

1. Though one arrested upon a criminal warrant be discharged by the magistrate, yet if the prosecutor with due diligence follows up the prosecution and carries it on in a court having jurisdiction to try the case upon its merits, this is, in effect, a continuation of the original prosecution.
2. If in such case the accused be convicted in the trial court, such conviction, if not procured by fraud, is conclusive of probable cause, although the same on writ of error may be set aside by the Supreme Court.
3. The evidence demanded a verdict for the defendant. Therefore, the judge properly directed a verdict in his favor, and erred in setting the same aside.

Argued February 23, — Decided April 13, 1898.

Action for damages. Before Judge Henry. Floyd superior court. January term, 1897.

*Halsted Smith* and *Dean & Dean*, for plaintiff in error.
*Max Meyerhardt* and *George A. H. Harris*, contra.

LITTLE, J. Smith based his right to recover damages against Hartshorn, for a malicious prosecution, on the ground that on the 24th day of June, 1893, Hartshorn swore out before a magistrate a warrant charging him with the offense of larceny by "stealing six poplar saw-logs of the value of twelve dollars, the property of Harris-Hartshorn Lumber Co.," etc., and an entry made by the magistrate upon said warrant on July 8, 1893, in the following language: "Upon hearing evidence in this case, the within warrant is dismissed, the defendant discharged." The plaintiff alleged that he was arrested under this warrant; that the prosecution was maliciously carried on thereunder and without any probable cause, and that he had been damaged by reason of such malicious prosecution in the particulars outlined in the petition. At the trial, the warrant above referred to was introduced in evidence, but the entry of the magistrate thereon, discharging the accused, was excluded by the court, upon the ground that the entry on the docket of the justice of the peace was the highest evidence of the judgment of the justice, and that the proposed evidence was secondary and inadmissible until the absence of the docket was accounted for. The defendant introduced in evidence an indictment by the grand jury of Floyd superior court, found

at the September term, 1893, against John Smith, for the larceny of six poplar logs, the property of the Harris-Hartshorn Lumber Company, of the value of twelve dollars; and it was not denied that the six poplar logs referred to in the indictment were the same as those referred to in the warrant previously issued.  The defendant also introduced in evidence a verdict rendered in the city court of Floyd county, to which court the case arising under the indictment had been transferred by the judge of the superior court.  This verdict was rendered at the March term of the city court, and was as follows: "We, the jury, find the defendant guilty, and recommend him to the mercy of the court."  The plaintiff then introduced in evidence the remittitur from the Supreme Court in the case of John Smith *v.* The State, showing that the verdict of guilty in the city court had been set aside and a new trial granted.  Smith testified, that he had been arrested under the warrant; that there was a trial on that warrant, and he was discharged; that he did not steal the poplar logs as charged in the indictment.  Upon this state of facts, the court directed a verdict for the defendant, and afterwards, upon the hearing of a motion for a new trial filed by the plaintiff, ordered that such verdict be set aside and a new trial granted "upon the ground that the court erred in rejecting the entry of the justice of the peace upon the warrant, discharging the defendant, John, Smith; and upon the further ground that, with or without this entry in evidence, the court erred in directing a verdict for the defendant, and in not submitting the case to the determination of the jury."  To this order, setting the verdict aside and granting a new trial, the defendant excepted.

1. While it is declared by section 3849 of the Civil Code, with respect to malicious prosecutions, that an inquiry before a committing court, or justice of the peace, amounts to a prosecution, it is also declared in the succeeding section, 3850, that the prosecution must be ended before the right of action accrues. It is contended by the defendant in error, that his discharge by the magistrate, upon the preliminary hearing under the warrant sworn out by the plaintiff in error, was such a termination of the prosecution as that the action to recover damages

for a malicious prosecution would lie. In this view, however, under the facts of this case, we can not concur. It is probably true, if, upon the dismissal of the warrant and the discharge of the.accused by the magistrate, the prosecutor had abandoned a further prosecution of the accused, or had delayed the same for such an unreasonable time as to lead the accused to believe that he had discontinued the prosecution, the action would lie. But in the present case it appears that on the 24th day of June, 1893, the prosecutor swore out the warrant against the accused ; that on July 8, 1893, the magistrate, after hearing evidence, discharged the accused ; and that at the September term, 1893, of Floyd superior court (which was the first sitting of that court after the hearing before the magistrate), the prosecutor, following up the prosecution against the accused, procured the indictment against him by the grand jury for the same offense with which he was charged in the warrant previously sworn out. This action on the part of the prosecutor negatived any intention on his part to discontinue the prosecution, and showed that he with due diligence was following up and continuing the original prosecution in a court having jurisdiction to try the case upon its merits.

As before said, if a criminal prosecution has been dismissed with no intention of commencing it again, or if delay has been made in commencing the prosecution again, so as to lead the accused to believe that it has been finally terminated, and if he then and at once commences his action for a malicious prosecution, he might probably maintain the same. But, in all reason, he should not be allowed to maintain such an action when substantially the same criminal prosecution as the one upon which he founds his action is still in the courts undisposed of. Newell on Mal. Pros. 331 ; Marbourg v. Smith, 11 Kas. 554, 562; Schippel v. Norton, 38 Kas. 567. In the latter case it was held that: "Where a criminal prosecution is commenced before a justice of the peace, and is afterwards dismissed with the intention of commencing it again in the district court, and on the same day it is commenced in the district court, . . such criminal prosecution before the justice of the peace can not constitute the basis of an action for a ma-

licious prosecution while the criminal prosecution is still pending in the district court." So we think, under the facts of the present case, the discharge of the accused by the magistrate was not a termination of the prosecution, but that the indictment of the accused in Floyd superior court, and the trial had thereunder in the city court of Floyd county, was a continuation of the original prosecution.

2. In the order of the court setting aside the verdict which he had directed for the defendant on the trial of the case, and granting a new trial, it appears that such action was based on the grounds that the court erred in rejecting the entry of the justice of the peace upon the warrant, discharging the defendant; and upon the further ground that, with or without this entry in evidence, the court erred in directing a verdict for the defendant and in not submitting the case to the determination of the jury. We have not found it necessary to pass upon the question as to whether the court committed any error in rejecting the entry of the justice of the peace upon the warrant, because, in our opinion, the defendant was entitled to a verdict as a matter of law under the facts of the case, even though such entry be admitted in evidence. We have endeavored to show above that the plaintiff was not entitled to a recovery, because the prosecution had not ended, in the meaning of the statute; and we now come to consider the question whether the fact that the plaintiff in the action to recover damages for a malicious prosecution was convicted of the crime charged by a court of competent jurisdiction is conclusive of the question whether the prosecutor in the criminal case had probable cause for instituting the prosecution. In our judgment, the verdict of a jury finding the fact that the defendant in the criminal case was guilty of the offense with which he stood charged is conclusive on the question of probable cause existing for the prosecution, and an action for malicious prosecution for instituting and carrying on the criminal prosecution can not be maintained, unless it should appear that the conviction was procured by fraud, perjury or subornation; and this is true although the judgment of conviction may, on writ of error, be set aside by the Supreme Court.

In actions for malicious prosecution, the question is, not whether the plaintiff was guilty, but whether the defendant had reasonable cause to so believe — whether the circumstances were such as to create in the mind of the defendant a reasonable belief that there was probable cause for the prosecution. Johnson v. Miller, 63 Iowa, 529. Probable cause is defined to be the existence of such facts and circumstances as would excite the belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted. 14 Am. & Eng. Enc. L. 24, and authorities cited. The inquiry, therefore, being whether there was probable cause for instituting the prosecution, we hold, in the language of the court in the case of Griffis v. Sellars, 2 Dev. & B. (N. C.) 492, that after a conviction by verdict, followed by sentence, it ceases to be a matter of conjecture, of argument and of reasoning, whether guilt could rationally be inferred from the facts admitted or proved; for such a state of things can not occur but after full defense by the accused, with deliberation by the jury, aided by the court, upon all the evidence, as well explanatory as negative, offered by the accused; and after all that, guilt was in fact inferred by a numerous body of men of competent understanding and integrity, and the court was also satisfied with it. As evidence of probable cause, a conviction by verdict and judgment is as convincing and therefore ought in law to be as high and conclusive, although vacated by appeal, as if it stood unreversed and in full force. It sanctions the prosecution in its origin and progress through that court, and is the highest evidence, namely a judicial sentence of record, that apparently the accused was guilty. It is true that the law, in its benignity, allows the convict to show, on appeal to another court, that he is really not guilty. But that does not show, nor can it be shown against the facts of the first verdict and judgment, that there was no just and probable cause of accusation. To same effect see Phillips v. Kalamazoo, 53 Mich. 33; Welch v. Boston etc. R. Co., 14 R. I. 609; Newell on Mal. Pros. 291, and authorities cited; Whitney v. Peckham, 15 Mass. 242; Payson v. Caswell, 22 Me. 212; Witham v. Gowen, 14 Me. 362; Womack v. Circle, 32 Gratt. 324; Sev-

erance *v.* Judkins, 73 Me. 376; Cooley on Torts, (2d ed.) top page 214.

3. This court has always been reluctant to interfere with the discretion of the judge in the first grant of a new trial; and the rule laid down is, that such grant will not be disturbed, unless it be shown that the law and facts require the verdict, notwithstanding the judgment of the presiding judge, or that there was otherwise an abuse of discretion. Civil Code, § 5585. It is essential to a recovery, in an action for damages for a malicious prosecution, to show that the prosecution which is alleged to have been malicious has ended. Civil Code, § 3850. For the reasons heretofore set out, it is our judgment that the plaintiff failed to show that the criminal prosecution had ended in contemplation of this section of the code. Indeed, for aught that appears in the record, the bill of indictment against the defendant still stands untried in the city court of Floyd county; and if there existed no other reason why a verdict was demanded by the evidence for the defendant in the present suit, the fact that such prosecution had not ended was of itself sufficient to have authorized the judge to direct a verdict for the defendant. When it was shown that, on a trial of the criminal case in the city court of Floyd county, the jury, after considering the evidence, believed that the defendant was guilty and so found, there could not have been any want of probable cause on the part of the prosecutor in that case for instituting the prosecution; and the want of probable cause being another essential element to enable the plaintiff in the action for malicious prosecution to recover, another legal reason existed why the court was right in the trial of this case when he directed a verdict for the defendant. These two principles being such as would control the verdict in this case in favor of the defendant on legal grounds at another trial, the judgment of the court below in granting a new trial must be

*Reversed. All the Justices concurring, except Cobb, J., absent.*