14740.   TYLER et al. v. UPCHURCH.

An allegation in a suit for malicious prosecution, that upon the hearing of a criminal warrant by a magistrate, it was dismissed, and the prosecution "is now fully determined and ended," sufficiently alleges that the prosecution has ended, as required by the Civil Code (1910), § 4446.

Decided February 9, 1924.

Action for malicious prosecution; from Fulton superior court —Judge Humphries. May 15, 1923.

This is a suit to recover damages for an alleged malicious prosecution, the plaintiff alleging, that the defendants falsely, maliciously, and without probable cause procured the issuance of a criminal warrant by a judge of a municipal court, charging him with the offense of larceny after trust; that upon the hearing thereon by the judge of the municipal court the warrant was dismissed, and that "said prosecution is now fully determined and ended," that the plaintiff has been damaged, etc.

Westmoreland & Smith, Etheridge, Sams & Etheridge, B. H. Sullivan, for plaintiffs in error.   W. H. Terrell, contra.

STEPHENS, J. (After stating the foregoing facts.) While the dismissal of a criminal warrant by a municipal-court judge after a hearing thereon does not necessarily and in every case amount to an ending or an abandonment of the prosecution, so as to furnish the necessary ground for a suit by the defendant for malicious prosecution, since the prosecutor may pursue the prosecution further (*Hartshorn* v. *Smith,* 104 *Ga.* 235, 30 S. E. 666), and while in a suit against the prosecutor for malicious prosecution an allegation that the criminal warrant upon which the prosecution was instituted was dismissed by the court after a hearing thereon may not amount to an allegation that the prosecution has ended, yet, where it is alleged in the petition that as a result of such dismissal "said prosecution is now fully determined and ended," the latter allegation sufficiently alleges as a matter of fact that the prosecution has ended, and it is not necessary to allege further that the prosecution was abandoned by the prosecutor or that the prosecutor had no intention of further pursuing the prosecution. Where the petition otherwise alleges sufficient facts as a basis for a suit for malicious prosecution, as in the case under consideration, there is no error in overruling a general demurrer to the petition.

*Judgment affirmed. Jenkins, P. J., concurs. Bell, J., dissents.*

BELL, J., dissenting. The petition alleged that the defendants, with malice and without probable cause, procured a warrant to issue against the plaintiff for an offense charged to have been committed on the 15th day of December, 1921; that on that day he was brought before the magistrate by virtue of the warrant, and upon investigation the magistrate "adjudged him to be acquitted, and dismissed the aforesaid warrant, and such prosecution is now fully determined and ended." The petition was filed on the following day, December 20, 1921. A general demurrer to the petition was overruled, and the defendants excepted.

Before an action of this sort can be maintained the prosecution must have been ended. Civil Code (1910), § 4446. The prosecution is not necessarily terminated by the dismissal of the warrant by the magistrate. While it was alleged in the petition that the prosecution had been "fully determined and ended," when the petition is construed, as it must be on demurrer, most strongly against the pleader, this averment, which is only a conclusion, appears to be deduced solely from the fact that the warrant was dismissed

by the magistrate. The conclusion therefore is not supported, the action having been commenced on the day following such dismissal. "If, upon the dismissal of the warrant and the discharge of the accused by the magistrate, the prosecutor had abandoned a further prosecution of the accused, or had delayed the same for such an unreasonable time as to lead the accused to believe that he had discontinued the prosecution, the action would lie." *Hartshorn* v. *Smith,* 104 *Ga.* 235 (1), 237. The averments of the petition when measured by this rule do not show that the prosecution was ended, and the demurrer should have been sustained. See *Pickard* v. *Bridges,* 7 *Ga. App.* 463 (67 S. E. 117). This view is not in conflict with anything decided either in *Josey* v. *Cochran,* 9 *Ga. App.* 656 (72 S. E. 42), or in *Page* v. *Citizens Banking Co.,* 111 *Ga.* 73 (5) (36 S. E. 418, 51 L. R. A. 463, 78 Am. St. R. 144).

If the conclusion as to the termination of the prosecution had been alleged independently of other facts pleaded, it probably would have been sufficient, in the absence of a special demurrer, but appearing by the context to be solely a deduction from the fact that the warrant had been dismissed on the preceding day, and this fact alone being insufficient to establish that the prosecution had ended, the conclusion of the pleader to that effect can have no more weight than the pleaded fact on which it is predicated, and should, even on a general demurrer, be disregarded. See *Banks* v. *Schofield's Sons Co.,* 126 *Ga.* 667, 671 (55 S. E. 939).