### 16635. ROGERS COMPANY *v.* MURRAY.

The termination of a prosecution begun by the issuance of a warrant charging a criminal offense was not shown by the allegation in the petition, in an action for malicious prosecution, that on the hearing of the warrant the court discharged the accused; and, in the absence of an allegation showing that the prosecution had ended, it was proper to dismiss the action, on demurrer.

DECIDED FEBRUARY 13, 1926.

Action for malicious prosecution; from Fulton superior court— Judge E. D. Thomas. June 4, 1925.

Mrs. L. E. Murray sued L. W. Rogers Company and C. W. Sullivan for malicious prosecution, alleging that on a date named she requested the said Sullivan, who was the manager of one of the said company's stores, to cash a check for $21, drawn by Walter T. Meador, upon Fourth National Bank, payable to the plaintiff, and indorsed by her; and that the check was cashed as requested; that it appeared that the check was presented for payment by the defendant company, and payment was refused for lack of sufficient funds; that the said company called upon her to redeem the check; that she paid, on account of the same $10, and stated that she would pay the balance in the very near future; that instead of waiting upon her the defendants caused a warrant to be issued against her from the municipal court of Atlanta, charging her with being a common cheat and swindler; that she appeared at that court, and the court, on hearing the case, discharged her; whereupon she brought this action. The defendants filed general and special demurrers to the petition, which were overruled, and they excepted.

 *Edgar R. Craighead, William C. Henson,* for plaintiff in error.
 *T. C. Battle,* contra.

---

Malicious Prosecution, 38 C. J. p. 385, n. 55; p. 387, n. 70; p. 398, n. 26; p. 420, n. 67; p. 438, n. 61; p. 445, n. 26; p. 467, n. 57, 60.

JENKINS, P. J. (After stating the foregoing facts.) 1. "The restrictions under which actions for malicious prosecution are placed, and the guarded conditions authorizing them, clearly show that they are not highly favored or much encouraged, and this is because of their tendency to promote litigation and engender strife, as well as to deter persons from coming forward to vindicate the public justice and to insist upon their private rights in the only way that the law allows." *Wilcox* v. *McKenzie, 75 Ga.* 73; *Henderson* v. *Francis, 75 Ga.* 178.

2. The plaintiff's case in an action for malicious prosecution is made out when the following elements appear: (1) that the prosecution has terminated in his favor; (2) that the prosecution was instituted maliciously and (3) without probable cause, and (4) that it has caused the plaintiff damage. *Clark* v. *Douglas, 6 Ga. App.* 489, 490 (65 S. E. 304).

3. There could be no recovery under the petition, since it failed to allege that the prosecution referred to had terminated in favor of the defendant therein. While the procuring from the committing court of an order discharging the defendant in a warrant amounts to a termination of the prosecution when no further action is taken (*Page* v. *Cilizens Banking Co.,* 111 *Ga.* 73, 36 S. E. 418, 51 L. R. A. 463, 78 Am. St. R. 144), the mere allegation of such discharge, without at least showing in general terms that the prosecution has been terminated, does not meet the requirements of the rule stated. Civil Code (1910), § 4446; *Tyler* v. *Upchurch,* 31 *Ga. App.* 599 (121 S. E. 521).

      *Judgment reversed. Stephens and Bell, JJ., concur.*