### 16738.   MANSOR v. WILCOX.

The petition alleges that the prosecution complained of as malicious was pending on charges preferred by the defendant before an empanelled grand jury in the district court of the United States for the southern district of Georgia at the June term, 1920, and likewise at the December term, 1920, of that court. It does not appear that the prosecution terminated prior to the termination of the December term, 1920; and under the ruling of this court in Pickard v. Bridges, 7 Ga. App. 463 (67 S. E. 117), the mere subsequent inactivity of the defendant could not of itself establish the termination of the prosecution until the discharge of the next grand jury at the June term, 1921, which is alleged to have been on or about June 15, 1921. Accordingly, the present action, filed March 20, 1923, was not prematurely filed, nor was it barred by the statute of limitations. See Tyler v. Upchurch, 31 Ga. App. 599 (121 S. E. 521); Civil Code (1910), § 4497. The court did not err in overruling the demurrers to the petition.

DECIDED MARCH 12, 1926.

Action for malicious prosecution; from city court of Valdosta —Judge Little.   July 31, 1925.

E. K. Wilcox, T. G. Connell, for plaintiff in error.

S. P. Cain, Whitaker & Dukes, contra.

JENKINS, P. J.   While the defendant's demurrers to the petition are on the ground that it shows on its face that it is barred, and while he contends in his brief that the failure of the grand jury to act during three successive terms establishes this fact, no contention is made in the briefs of counsel with reference to the fact that the record indicates also that a warrant had been previously sworn out before a United States commissioner. The record is not clear as to what action was taken under the warrant, before the commissioner; but it does appear that the plaintiff in the instant case had, after the institution of such warrant, given bond to appear before the next session of the Federal grand jury. Whether this action was taken under a commitment, or under a

---

Malicious Prosecution, 38 C. J. p. 411, n. 43; p. 441, n. 88 New; p. 443, n. 6; p. 458, n. 73.

waiver of commitment by the defendant in the criminal prosecution, does not appear.  At any rate the record discloses that the prosecution under the warrant terminated, and that the grand jury acquired sole and exclusive jurisdiction thereof.  It follows, as is apparently assumed by all parties, that the only question for determination is whether the prosecution had become abandoned in the only tribunal which had jurisdiction thereof.

The case of *Garrett* v. *Foy & Adams Co.*, 21 *Ga. App.* 613, 614 (2) (94 S. E. 822), presents a different situation, inasmuch as the decision in that case is based upon the theory that the prosecution, so far as the record showed, was still pending before the magistrate; there being nothing in that case to indicate that jurisdiction had been transferred to the grand jury.  In a case such as that, where the case remains pending before the magistrate, the mere fact that sessions of the grand jury may have intervened would not indicate an abandonment of the case before the magistrate, where it appeared to remain actually pending.  It is therefore our opinion that the ruling in the case of *Pickard* v. *Bridges*, supra, is controlling; for while it appears in the latter case that the defendant in the criminal prosecution had been dismissed before the magistrate, the essential importance of this fact lies not in the results of the magistrate's decision, but in the fact that his jurisdiction had been terminated.  It might also be stated that if in the instant case it should be made to appear that the magistrate in fact bound over the plaintiff in the present suit to await action by the Federal grand jury, this, under the decisions, would not preclude an action for malicious prosecution.  See *Luke* v. *Hill*, 137 *Ga.* 159 (5) (73 S. E. 345, 38 L. R. A. (N. S.) 559); *Lindsay* v. *West*, 6 *Ga. App.* 284 (2) (64 S. E. 1005); *Darnell* v. *Shirley*, 31 *Ga. App.* 764 (7) (122 S. E. 252).

*Judgment affirmed.  Stephens and Bell, JJ., concur.*