450

25355. SYKES *v.* SOUTH SIDE ATLANTA BANK.

DECIDED JUNE 9, 1936.

*John J. Poole, Boyce L. Graham,* for plaintiff.

JENKINS, P. J. ■ A petition seeking damages for a malicious prosecution must "allege the termination of the proceeding, out of which the writ issued, in favor of the plaintiff." *Waters* v. *Winn,* 142 *Ga.* 138 (82 S. E. 537, L. R. A. 1915A, 601, Ann. Cas. 1915D, 1248); *Gordon* v. *West,* 129 *Ga.* 532, 535 (59 S. E. 232, 13 L. R. A. (N. S.) 549); *Marable* v. *Mayer,* 78 *Ga.* 710, 712 (3 S. E. 429). No right of action accrues until the prosecution is ended. Code of 1933, § 105-806. Although a voluntary abandonment of a prosecution merely by agreement or compromise does not constitute a favorable ending for the accused (*Waters* v. *Winn,* supra), yet it has been held that where the prosecutor announces before the magistrate at the commitment hearing that he has no evidence to offer, procures an order discharging the accused, and dismissing the warrant, and no further action is taken thereon, these facts will constitute a favorable determination. *Page* v. *Citizens Banking Co.,* 111 *Ga.* 73 (5), 85 (36 S. E. 418, 51 L. R. A. 463, 78 Am. St. R. 144); *Pickard* v. *Bridges,* 7 *Ga. App.* 463 (67 S. E. 117); *Clark* v. *Douglas,* 6 *Ga. App.* 489, 490 (65 S. E. 304); *Mansor* v. *Wilcox,* 35 *Ga. App.* 213 (132 S. E. 251). The procedure after a commitment by a magistrate is fixed by the Code. "The warrant and all the other papers shall be forwarded to the clerk of the superior court, or other court having jurisdiction of the crime, to be delivered to the solicitor-general." § 27-420. The magistrate's jurisdiction then ends; and the court to which the case is committed and the prosecuting officer determine its further progress. "Two returns of 'no bill' by grand juries, on the same charge or accusation, shall be a bar to any

future prosecution for the same offense . . unless such returns have been procured by the fraudulent conduct of the person charged, on proof of which, or of newly-discovered evidence, the judge may allow a third bill to be presented, found, and prosecuted." § 27-702. An allegation or proof of a return of "no bill" by even one grand jury on an indictment is deemed a sufficient prima facie showing that a prosecution has terminated. *Woodruff* v. *Woodruff*, 22 *Ga.* 237 (3), 245; *Horn* v. *Sims*, 92 *Ga.* 421 (17 S. E. 670); *Hearn* v. *Batchelor*, 47 *Ga. App.* 213, 215 (170 S. E. 203); *Pye* v. *Gillis*, 9 *Ga. App.* 397 (71 S. E. 594). "In all misdemeanor cases in which the defendants have been bound over to the superior court [and under other conditions stated], the prosecuting officers of such court shall have authority to prefer accusations, and such parties shall be tried upon such accusation: Provided, that parties going to trial under such accusations shall in writing waive indictment by a grand jury." § 27-704.

The instant petition alleged merely that the plaintiff, after a commitment trial before a justice of the peace, was bound over to the criminal court of Fulton County, for the offense of delivering to the defendant bank a check made by a third person without funds in the drawee bank for payment; that the plaintiff gave bond to appear, and the case was pending at said court at the July and August terms, 1934; that the "solicitor called upon the [defendant bank] and upon said justice of the peace . . to furnish him with the necessary information in order that he might draw an accusation;" that both failed and refused to comply with the request of the solicitor, "and thereupon said case against your petitioner was abandoned and terminated, and no accusation has ever been drawn against your petitioner in the premises." The petition was filed on August 9, 1935. It was subject to general demurrer, in that it failed to show that the former prosecution against the plaintiff ended favorably to him. There is no averment as to the entry of any "no bill," the waiver of any indictment, the drawing of any accusation and the entry of any nolle prosequi thereon, the discharge of the defendant from his appearance bond, the unavailability of the witnesses for the prosecution, presumably subpœnaed and ready for appearance in the trial court, or the taking of any conclusive action whatever in favor of the accused. There

is only indicated inaction and unwillingness by the prosecutor to appear voluntarily before the court and furnish information to the solicitor, when presumably such data could have been obtained under the subpœnas to the prosecutor and other material witnesses. For these reasons, the court did not err in dismissing the action on general demurrer.

■ Before an action for malicious prosecution can be obtained, not only must there have been a termination of the criminal case favorably to the accused, but an absence of probable cause for the prosecution must appear. Code of 1933, § 105-802. Whether a want of probable cause existed, under the test whether "the circumstances [were] such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused," is generally a jury question. § 105-802. The burden of showing an absence of such cause being on the plaintiff accused (*Thornton* v. *Story*, 24 *Ga. App.* 503, 101 S. E. 309; *O'Berry* v. *Davis*, 31 *Ga. App.* 755, 121 S. E. 857; *Darnell* v. *Shirley*, 31 *Ga. App.* 764, 122 S. E. 252), the question becomes one of law where averments of proof are lacking or fail sufficiently to negative presumptions of law that probable cause existed. "The binding over of a defendant by a magistrate is prima facie, but not conclusive, evidence of probable cause." *Luke* v. *Hill*, 137 *Ga.* 159 (5), 163 (73 S. E. 345, 38 L. R. A. (N. S.) 559); *Lindsay* v. *West*, 6 *Ga. App.* 284 (2) (64 S. E. 1005); *Darnell* v. *Shirley*, supra. Where a person is charged with the misdemeanor of drawing or delivering a negotiable instrument without funds for payment, "with intent to defraud, . . the making, drawing, uttering, or delivering of such check, draft, or order . . shall be prima facie evidence of intent to defraud." § 13-9933. While the petition charges the general conclusions that the prosecution was malicious, without reasonable or probable cause, and "without the said defendant having considered the information which it had, or made any investigation, or inquiry, or consideration as to whether or not [plaintiff] was guilty of any crime," the actual facts alleged are merely that the plaintiff cashed for the maker the checks in question, drawn on a bank in another city, after requiring the indorsement thereon of another person; that the plaintiff then procured the defendant bank to cash the checks for him, after adding his indorsement thereto; that the checks were returned by the

drawee bank to the defendant bank because the maker had no funds with the drawee; that "said defendant bank had previously handled checks for said [maker], all of which checks had been good;" and that the other indorser of the checks "lived in the immediate community of said bank and was financially responsible for the amount" of the checks, "which was well known to the bank." The quoted averments of fact, relied upon by the plaintiff, are not sufficient to show an absence of probable cause for the criminal prosecution for delivering the checks to the defendant bank, by negativing the legal presumptions on which the bank was entitled to rely, that an intent to defraud existed under the undisputed delivery and cashing of the checks by the plaintiff, and that prima facie, even though not conclusively, the plaintiff's prosecution was based upon probable cause, under the pleaded fact that the plaintiff had been bound over by the committing magistrate. For these additional reasons, the court properly sustained the general demurrer to the petition.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*