### 29595. AYALA v. SHERRER.

HILL, Justice.

The Court of Appeals (in Case No. 49217) certified the following question:

"Where on trial the only showing made is that a criminal arrest warrant against the plaintiff was dismissed by the Recorder's Court of DeKalb County is this alone sufficient to establish that the prosecution terminated favorably to the plaintiff so as to afford the basis for a malicious prosecution action? See *Hartshorn v. Smith,* 104 Ga. 235, 237 (30 SE 666); *Page v. Citizens Banking Co.,* 111 Ga. 73 (36 SE 418); *Cain v. Kendrick,* 199 Ga. 147 (33 SE2d 417); *Tyler v. Upchurch,* 31 Ga. App. 599 (121 SE 521); *Rogers Co. v. Murray,* 35 Ga. App. 49 (132 SE 139); *Mansor v. Wilcox,* 35 Ga. App. 213 (132 SE 251); *Phillips v. State,* 40 Ga. App. 141 (149 SE 157); *Sykes v. South Side Atlanta Bank,* 53 Ga. App. 450 (186 SE 464);

*Godfrey v. Home Stores, Inc.,* 101 Ga. App. 269, 274 (114 SE2d 202)."

The answer to this question requires construction of Code § 105-806, relating to actions for malicious prosecution, which provides that "The prosecution must be ended before the right of action accrues."

Code § 105-806, supra, heretofore has been construed with Code § 105-801 which provides that "A criminal prosecution, maliciously carried on, and without any probable cause, whereby damage ensues to the person prosecuted, shall give him a cause of action."

Construed with Code § 105-801, Code § 105-806 requires that the criminal prosecution must have terminated, favorably to the person prosecuted, before the right of action for malicious prosecution accrues.

In *Hartshorn v. Smith,* 104 Ga. 235, supra, the plaintiff had been arrested upon a warrant sworn out by the defendant. A magistrate dismissed the warrant on July 8, 1893, in the following language: "Upon hearing evidence in this case, the within warrant is dismissed, the defendant discharged." At trial, this warrant was introduced in evidence but the magistrate's entry thereon was excluded as not being the highest evidence of the magistrate's judgment. The defendant introduced a September term, 1893, indictment against the plaintiff for the same offense as had been alleged in the warrant, and a guilty verdict rendered thereon. The plaintiff then introduced a remittitur from this court showing that the guilty verdict had been set aside and a new trial granted. The trial court directed a verdict for the defendant, but thereafter set it aside and ordered a new trial. This court reversed the grant of the new trial, holding that the verdict for the defendant was proper for two reasons: (1) the still pending indictment showed that the prosecution had not ended, and (2) the verdict of guilty in the first criminal prosecution showed that there was probable cause for institution of the criminal prosecution. The court did not decide whether exclusion of the magistrate's entry upon the warrant was error, but reached its decision as if it had been admitted in evidence.

From *Hartshorn,* supra, it can be seen that where an arrest warrant is dismissed after hearing evidence, a

verdict of guilty upon an indictment charging the same offense precludes recovery for malicious prosecution on the ground of probable cause as well as lack of favorable termination of the prosecution.

The question presented here shows that, unlike *Hartshorn, supra,* the defendant did not introduce evidence of indictment and verdict of guilty thereon. Here, at trial the only showing made was that the arrest warrant was dismissed by the recorder's court and the question is, is this alone sufficient to establish that the prosecution terminated favorably to the plaintiff.

In *Page v. Citizens Banking Co.,* 111 Ga. 73, supra, the trial court sustained general and special demurrers to the petition for malicious prosecution. In reversing, this court found that the petition stated a cause of action for malicious prosecution. The petition alleged that the arrest warrant had been dismissed by the attorney for the prosecutors upon his representation that it was impossible to make out a case. Regarding termination, this court said (p. 85): "When the attorney representing the prosecution announced in open court that they had no evidence to offer against the accused, and procured an order dismissing the warrant and discharging the accused from custody, and no further action was ever taken thereon, the prosecution was at an end within the meaning of the law." *Hartshorn v. Smith,* supra, was distinguished on the ground that in *Page* no further action was taken by the prosecutors after the warrant was dismissed.

Thus, *Page* would indicate that the certified question should be answered in the affirmative, at least where the warrant is dismissed at the request of the prosecutor.

In *Cain v. Kendrick,* 199 Ga. 147, supra, (4), this court confirmed *Page,* supra, when it answered a certified question as follows: "Where a person was arrested under a valid criminal warrant, which was dismissed by the justice of the peace before whom it was sworn out by an order or judgment entered and officially signed by him in the following language, 'Dismissed by order of the prosecutor, cost paid by pros. 5/26/43,' such order of dismissal would constitute prima facie a termination of the prosecution in favor of the person arrested, so as to

afford the basis for an action for malicious prosecution instituted on June 24, 1943, alleging the ultimate fact as to such favorable termination, in the absence of anything further as to continuing or abandoning the prosecution, and where all the other elements of an action for malicious prosecution are alleged."

The principal difference between the question certified in *Cain,* supra, and that certified in this case appears to be that in *Cain,* as in *Page,* supra, the warrant was dismissed at the request of the prosecutor, whereas here the question would include dismissal of the warrant over the opposition of the prosecutor.

In *Tyler v. Upchurch,* 31 Ga. App. 599, supra, it appears that suit for malicious prosecution was filed the day after dismissal of the warrant following a hearing at which the magistrate adjudged plaintiff to be acquitted of the offense charged in the warrant. There it was held that the petition, which alleged such dismissal and that the prosecution "is now fully determined and ended," stated a cause of action against a general demurrer.[1]

In *Rogers Co. v. Murray,* 35 Ga. App. 49, supra, the petition alleged that after hearing plaintiff was discharged (i.e., the warrant was dismissed) but did not allege that the prosecution had terminated in plaintiff's favor. It was there held that the petition was subject to general demurrer.

It should be noted that Judge Stephens wrote the opinion in *Tyler,* supra, with Presiding Judge Jenkins concurring and Judge Bell dissenting. Presiding Judge Jenkins wrote the opinion in *Rogers Co. v. Murray,* 35 Ga. App. 49, supra, with Judges Stephens and Bell concurring. In *Rogers Co.,* the earlier *Tyler* was distinguished on the ground that there must at least be in

---

[1]The wisdom of rushing to the courthouse to file suit for malicious prosecution immediately after dismissal by the magistrate is certainly open to question. The prosecutor may feel compelled to pursue the prosecution so as to defeat the action for malicious prosecution. Dismissal by the magistrate is no bar to further criminal prosecution. E.g., *Hartshorn v. Smith,* supra.

the petition an allegation in general terms that the prosecution has been terminated. *Rogers Co. v. Murray* therefore involved the rules of pleading which existed prior to the Civil Practice Act. In view of Code Ann. § 81A-108 (a), the *Rogers Co.* decision can no longer be followed.

The opinion in *Mansor v. Wilcox,* 35 Ga. App. 213, supra, states that the record in that case was unclear as to what action was taken by the commissioner upon the warrant. The opinion apparently did not deal with or involve such action.

In *Kennemer v. Shahan,* 40 Ga. App. 140 (148 SE 923), the petition alleged that the prosecutor voluntarily abandoned the prosecution, that the solicitor general declined to prosecute, and that the prosecution therefore terminated in favor of plaintiff. It was held that since these allegations were not supported by proof, the court properly granted a nonsuit.

In *Sykes v. South Side Atlanta Bank,* 53 Ga. App. 540, supra, the facts were that the plaintiff, after a commitment trial before a justice of the peace, was bound over to the criminal court. What was there said regarding dismissal of the warrant by a magistrate based upon the prosecutor's request for dismissal was unnecessary to that decision.

In *Godfrey v. Home Stores,* 101 Ga. App. 269, supra, the defendant was found to be in default and the question was whether the petition stated a cause of action for malicious prosecution. Regarding termination of the prosecution, the petition alleged that after hearing, the charges were dismissed in the city recorder's court on a date which was two years prior to the filing of the suit for malicious prosecution. The court there held that the petition alleged a final termination of the prosecution.

We are mindful that a prosecution may be ended, within the meaning of Code § 105-806, either by action, or perhaps inaction, of the prosecutor or of the magistrate, the district attorney, or a grand or petit jury. We are aware that the prosecutor's action in seeking dismissal of the warrant is evidence not only of termination of the prosecution but also of lack of probable cause. We are also aware that a prosecutor is not necessarily bound by the

dismissal of the warrant by a magistrate over the protest of the prosecutor. Hence the fact of dismissal of the warrant by the magistrate over the protest of the prosecutor is not conclusive upon the question of termination of prosecution.

However, in view of the foregoing decisions, *Page v. Citizens Banking Co., Cain v. Kendrick,* and *Kennemer v. Shahan,* supra, holding that dismissal of the warrant by a magistrate at the request of the prosecutor, and those decisions, *Tyler v. Upchurch* and *Godfrey v. Home Stores,* supra, holding that dismissal of the warrant by a magistrate, without the consent of the prosecutor, constitute termination of the prosecution favorable to the plaintiff within the meaning of Code § 105-806, we hold that the certified question should be answered in the affirmative. This holding is subject to the defendant's right to show that in fact the prosecution has not ended. See *Hartshorn v. Smith,* supra; Code Ann. § 81A-115 (d).

For the foregoing reasons, the certified question is answered in the affirmative.

*Certified question answered in the affirmative. All the Justices concur.*

ARGUED JANUARY 21, 1975 — DECIDED APRIL 8, 1975.

*Sacker & Magner, John E. Sacker, Jr.,* for appellant.
*Robert H. Stringer, Ernest J. Nelson, Jr.,* for appellee.