JOHNSON v. RIDLEY et al.

(Circuit Court, N. D. Georgia, W. D. December 30, 1910.)

TORTS (§ 26*)—ACTION AGAINST JOINT DEFENDANTS—PLEADING.
　　Where two defendants are sued jointly in tort, the declaration is insufficient, where it contains no allegation tending to show that defendants acted jointly in the matter complained of, since a verdict could not be obtained against them jointly, for the whole of which both and each of them would be liable.
　　[Ed. Note.—For other cases, see Torts, Dec. Dig. § 26.*]

At Law. Action by W. A. Johnson against W. A. Ridley and another. On demurrer to the declaration. Demurrer sustained, unless plaintiff amends in a certain respect within 20 days.

T. T. Miller and W. H. Gurr, for plaintiff.
S. Holderness, F. S. Loftin, and L. C. Slade, for defendants.

NEWMAN, District Judge. This is an action by the plaintiff against the defendants for malicious prosecution, in that, it is complained, a bill of indictment was obtained against the plaintiff for larceny, in the superior court of Heard county, Ga., at the instance of the defendants. The claim is that the defendants were the prosecutors in

the action, which resulted in the indictment and the arrest of the plaintiff. It is further alleged that the indictments were subsequently nolle prossed, and the prosecutions were malicious and without reasonable or probable cause.

There is a demurrer to the declaration on several grounds, among others that there is a misjoinder, in that the two Ridleys are sued in one action, without any allegation whatever that they conspired or agreed together or acted in concert in the alleged unlawful act.

I have carefully read the somewhat lengthy declaration for the purpose of ascertaining if there is any allegation in it or any language which could be construed as charging concerted action on the part of these defendants, but there is nothing of the sort in the declaration. If there be such connection, it must be gathered, if at all, from the fact that the suit is brought against the two.

The declaration further alleges that the indictment charged the defendant with entering a certain storehouse of Ridley & Partridge, a firm composed of W. A. Ridley, W. D. Ridley, Ben Partridge, Lee Partridge, and Walter Partridge, and unlawfully taking, stealing, and carrying away therefrom certain shoes and certain boxing axes, of the value of $200, the personal goods of the said Ridley & Partridge, and that the defendants, the two Ridleys, were members of the firm of Ridley & Partridge; each of the Ridleys testifying before the grand jury in the case and causing the indictment to be returned as true by the grand jury.

It might be true, if there were sufficient facts set forth to show that the institution of the prosecution was in furtherance of the partnership interests, that a case might be made against the firm of Ridley & Partridge; the Ridleys appearing, even according to this declaration, to have gone before the grand jury because of the wrong done to the firm. But the special ground of demurrer, which, it seems to me is controlling, is the failure to allege in any way joint action on the part of the Ridleys, the two defendants. It is, of course, true that persons participating in a tort such as this would be liable both jointly and severally; but where they are sued in one action, there certainly should be some allegation which tends to show that they acted jointly and together in the matter complained of.

There may be some authorities looking to the contrary, but the suit, being in Georgia, should be in conformity with the pleading and practice recognized in this state. In Cheney et al. v. Powell, 88 Ga. 629, 15 S. E. 750, this is stated in the opinion, which is pertinent here:

"To the ground of demurrer alleging a misjoinder of parties, it is sufficient to reply that the action is in tort, and the declaration alleges a conspiracy. In such cases it is optional with the plaintiff to sue all the conspirators, or one of them only, and recover the entire damages from that one. Cooley, Torts, 124, 125, 133."

In Page v. Citizens' Banking Company, 111 Ga. 73, 36 S. E. 418, 51 L. R. A. 463, 78 Am. St. Rep. 144, the court says this:

"As it was distinctly alleged in the petition that the partnership, the individual members thereof, and Rogers, the sheriff, confederated and conspired together for the purpose of injuring the plaintiff in instituting and carrying on the prosecution which was the foundation of the action, there was no

merit in a demurrer that there was a misjoinder of the parties defendant. Cheney v. Powell, 88 Ga. 629, 634 [15 S. E. 750]."

There being nothing whatever in the declaration to show any joint action on the part of the two defendants, and nothing whatever to indicate that they might not have acted separately and each for himself, a verdict on the declaration could not be obtained against them jointly for the whole of which both and each of them would be liable.

The demurrer upon this ground must be sustained, unless the plaintiff can properly amend in this respect, for which purpose formal order sustaining the demurrer will be withheld for 20 days from this date.