### 8792.　Garrett v. Foy & Adams Company et al.

Wade, C. J.　1.　A recovery was sought against several different defendants, and there was clearly a misjoinder of parties, as the abuse of legal process alleged was without any distinctly alleged knowledge or connivance on the part of the defendant upon whose oath the warrant issued, notwithstanding a general allegation in the petition that he and other defendants named, "by conspiring and acting together and doing the acts and things hereinafter complained of, have jointly and severally, wilfully, wantonly, and maliciously injured and damaged your petitioner in the sum of $25,000."　So far as appears from the petition, the process itself was legal, and the defendant who made the oath upon which it issued was not present at the time of the alleged unlawful arrest, detention, and assault and battery under color of such process, and nothing is alleged to show that he was in anywise a party to anything done by the other defendants after the issuing of the warrant, but to the contrary, from a fair construction of the petition, these things were done without his assistance or knowledge.　Though a recovery might

have been authorized under *some* of the allegations of the petition as against *some* of the defendants named therein, a *joint* recovery against *all* the defendants, even if these acts were sufficiently well pleaded, would not have been authorized under the allegations made, and therefore the demurrer complaining of a misjoinder of parties was well founded.

2. It did not affirmatively appear from the petition that there had been a termination of the proceeding or warrant sworn out against the plaintiff, and the allegation in his petition, that he had never at any time "been taken before any magistrate, committing officer, or court for a hearing or trial upon said warrant or the charge which defendants alleged and claimed against," and that there had not been "any indictment against him by a grand jury on said charge of misdemeanor or any other charge, although there have been terms of superior court of Tift county at which the grand jury was empanelled, held since the issuance of said warrant, to wit, July term, 1914, December term, 1914, and July term, 1915," did not constitute a sufficient compliance with the requirement that it must affirmatively appear that there had been a termination of the prosecution before any right of action would arise against the defendant. *Waters* v. *Winn*, 142 *Ga.* 138 (82 S. E. 537, L. R. A. 1915A, 601, Ann. Cas. 1915D, 1248). This ruling is not in conflict with *Pickard* v. *Bridges*, 7 *Ga. App.* 463 (67 S. E. 117); for there it was not only alleged that a term of the superior court of the county, with a grand jury empanelled, had convened and adjourned, without any further prosecution of the criminal charge, but it was also distinctly alleged that the warrant had been dismissed and the plaintiff discharged.

3. The court did not err in sustaining the demurrers and dismissing the petition.

> *Judgment affirmed. Jenkins and Luke, JJ., concur.*
>   Decided January 22, 1918.

Action for damages; from city court of Tifton—Judge Price. April 7, 1917.

*B. C. Williford, Fulwood & Hargrett, F. G. Boatright,* for plaintiff. *R. D. Smith,* for defendants.