10402.   BARWICK v. STEVENS HARDWARE COMPANY.

BROYLES, C. J.  The petition as amended failed to set forth a cause of action, and the court did not err in sustaining the general demurrer interposed and in dismissing the suit.

*Judgment affirmed. Bloodworth, J., concurs. Luke, J., disqualified.*

DECIDED DECEMBER 9, 1919.

Action for malicious prosecution; from Laurens superior court —Judge Kent.  January 31, 1919.

A joint action for damages against the Stevens Hardware Company, a corporation, and against H. G. Stevens, president, and H. C. Tharpe, secretary and treasurer of the company, was filed on October 20, 1917, by J. W. Barwick, who in his petition alleged, in substance, that on September 14, 1916, the defendants appeared before a named justice of the peace of Laurens county, Georgia, and falsely, maliciously, and without reasonable or probable cause, charged the plaintiff with a misdemeanor, and caused the said justice to issue a warrant for his arrest, and caused him to be arrested, imprisoned, and carried before the said justice, who, on October 25, 1917, examined him and bound him over to the superior court of said county; that "the defendants have not persisted his said complaint, but have deserted and abandoned the same, and said prosecution is now fully determined and ended;" and that by reason of the facts alleged the plaintiff was injured and damaged in the amount sued for.  By amendment the plaintiff alleged, that the said prosecution was instituted and the warrant sworn out by said Tharpe under the advice and direction of said Stevens, president of the Stevens Hardware Company, for the purpose of collecting an alleged indebtedness which the Stevens Hardware Company held in the shape of a draft payable to it, signed by the plaintiff, and that the prosecution was so instituted when "the said defendant" knew that the plaintiff had violated no criminal law of Georgia.  It was further alleged that the prosecution "was abandoned by the plaintiff, in that they failed to appear and prefer an indictment before the superior court of said county at the term following the trial had in the commitment court described in plaintiff's petition, or at any subsequent term thereof, nor did they prefer an accusation in the city court of Dublin against said plaintiff."

The defendants demurred on the following grounds:   (1) No

cause of action is set forth. (2) It does not appear that the prosecution has ended. The allegation that it has ended is a mere conclusion. (3) There is a misjoinder of parties; it is not shown that there was any concerted action or common intent on the part of the defendants, and there is no allegation of any fact which would justify the conclusion that there was joint liability. (4) The prayer for judgment against the Stevens Hardware Company is not justified, it not being alleged that the company had any connection with, or that its officers acted for, the company in the prosecution of the plaintiff.

*Hightower & Burch, W. A. Dampier,* for plaintiff, cited: *Clark* v. *Douglas,* 6 *Ga. App.* 490; Burdick on Torts, 490; *Pickard* v. *Bridges,* 7 *Ga. App.* 463; *Flint* v. *State,* 12 *Ga. App.* 169; *Page* v. *Citizens Bkg. Co.,* 111 *Ga.* 73; Civil Code (1910), §§ 4439-40, 4444, 4451; *Stewart* v. *Mulligan,* 11 *Ga. App.* 660-1.

*J. S. Adams,* for defendant, cited: Park's Code, § 4446; *Brantley* v. *Rhodes-Haverty Co.,* 131 *Ga.* 276; *Marable* v. *Mayer,* 78 *Ga.* 710; *McDaniel* v. *Nelms,* 96 *Ga.* 366; *Horn* v. *Sims,* 92 *Ga.* 421; *Fulton Gro. Co.* v. *Maddox,* 111 *Ga.* 260; *Clement* v. *Orr,* 4 *Ga. App.* 117; *Garrett* v. *Foy & Adams Co.,* 21 *Ga. App.* 613, and cit.; *Gibbs* v. *Bank,* Id. 653 (3); *Henderson* v. *Francis,* 75 *Ga.* 178 (5); *Pye* v. *Gillis,* 9 *Ga. App.* 397; *Lindsey* v. *West,* 6 *Ga. App.* 284 (2); *Luke* v. *Hill,* 137 *Ga.* 159; *Towns* v. *West,* 16 *Ga. App.* 300; *Page* v. *Citizens Bkg. Co.,* 111 *Ga.* 73; *So. Ry. Co.* v. *Gresham,* 114 *Ga.* 184; *Wikle* v. *L. & N. R. Co.,* 116 *Ga.* 309; *Glass* v. *Brittain Bros. Co.,* 21 *Ga. App.* 634.