## 12396

### INTERNATIONAL ACCOUNTANTS' SOCIETY, INC., v. FELL

#### (142 S. E., 34)

1. PLEADING—FACTS ALLEGED MUST BE ASSUMED TRUE FOR PURPOSE OF CONSIDERING DEMURRER TO COMPLAINT.—For the purpose of consideration of a demurrer to the complaint, facts alleged by plaintiff must be assumed to be true.

2. GUARANTY—FATHER, SIGNING MINOR SON'S CONTRACT FOR CORRESPONDENCE COURSE AS ABSOLUTE GUARANTOR, HELD NOT ENTITLED TO NOTICE OF NONPAYMENT.—Father, signing contract of minor son for membership in correspondence course, as absolute guarantor, *held* not entitled to notice of nonpayment of contract by minor son, and, in suit thereon, it was unnecessary, in order to allege cause of action, to allege notice of nonpayment; case not being within provisions of Negotiable Instruments Law (Civ. Code 1922, §§ 3652–3847).

3. PLEADING—VERIFICATION OF COMPLAINT, NOT DISCLOSING ALLEGATIONS ON KNOWLEDGE OR INFORMATION AND BELIEF, AND STATING CONTENTS WERE TRUE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF, HELD INSUFFICIENT.—Where complaint failed to disclose which allegations therein were made on knowledge, and which on information and belief, verification, simply stating that party "has read foregoing complaint, and knows contents thereof to be true of his own knowledge, except as to those matters alleged on information and belief as to which he believes it to be true," *held* insufficient, and order not requiring plaintiff to accept unverified answer was error.

4. CONTRACTS—COMPLAINT FOR RECOVERY ON CONTRACT FOR CORRESPONDENCE COURSE, ALLEGING STUDENT REFUSED TO ACCEPT LESSONS, STATED CAUSE OF ACTION WITHOUT ALLEGING PERFORMANCE.—Complaint, in action to recover on contract for membership in correspondence course, alleging that student refused to accept lessons, and notified plaintiff that he did not intend to continue course, *held* sufficient to state a cause of action, without allegation of performance or willingness to perform.

Before MAULDIN, J., Jasper, November, 1926.   Modified.

Action by the International Accountants' Society, Inc., against T. D. Fell. From an order entered on demurrer to the complaint, both parties appeal.

*Mr. H. Klugh Purdy,* for plaintiff, appellant and respondent, cites: *In an action upon a guaranty, indorsed upon an unnegotiable instrument, of the payment of money secured thereby, it is not necessary to prove either demand of payment from the principal debtor and notice of non-payment to the guarantor in order to fix liability:* 28 S. C., 506; 68 S. C., 12; 68 S. C., 24.

*Mr. N. W. Heyward,* for defendant, respondent and appellant cites: *Instrument within negotiable instruments law:* Sec. 3835, Code; *Notice of nonpayment should have been given guarantor:* 133 S. C., 318. *"Verification of pleadings":* 28 S. C., 181.

March 12, 1928.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This is an action by the International Accountants' Society, Inc., as plaintiff, against the defendant, T. D. Fell, commenced in the Court of Common Pleas for Jasper County, October 18, 1926, for judgment against the defendant in the sum of $115. The defendant demurred to the complaint on grounds which will be hereafter referred to.

The demurrer was heard by his Honor, T. J. Mauldin, presiding Judge, on the 8th day of December, 1926, and from the order issued thereon by Judge Mauldin both parties have appealed.

So much of the complaint as is pertinent to the questions raised by the appeal is as follows:

"(2) That on the 19th day of August, 1925, Willie F. Fell made application of the plaintiff in writing for membership in its I. A. S. elective course, promising to pay therefor an enrollment fee of $155, payable as follows: $40 with the application, and $10 on the 19th day of each month thereafter until fully paid, a copy of which said application is

hereto attached and made a part of this complaint, and to which the attention of the Court is prayed.

"(3) That thereafter, and in due course, the said Willie F. Fell was duly enrolled, and his course of instruction commenced.

"(4) That the said Willie F. Fell being a minor, the plaintiff required that the payment of his enrollment fee be guaranteed by parent, guardian, or other responsible person, and that the defendant, T. D. Fell, did in writing, for value received, guarantee the payment of said contract.

"(5) That plaintiff herein entered into its contract and mailed to the said Willie F. Fell the lessons called for under the contract until the 19th day of September, 1925, at which time the said Willie F. Fell refused to accept same, advising plaintiff herein that he did not intend to continue said course.

"(6) That no part of the enrollment fee has been paid except the sum of $40 paid at the time of the application, and that there is now remaining due and unpaid thereon by the defendant to the plaintiff the sum of $115."

The contract referred to in the complaint and made a part of the complaint is as follows:

"The International Accountants' Society, Inc., agrees to enroll the undersigned for the complete I. A. S. elective course in accordance with the terms of this offer, upon acceptance at its office in Chicago, Illinois.

"International Accountants' Society, Inc.

"Gentlemen: In consideration with your agreement to furnish me with the complete I. A. S. elective course, I promise to pay to the International Accountants' Society, Inc., or order, the enrollment fee of $155.00, payable as follows: $40.00 herewith, and $10.00 on September 19th and the 19th of each month hereafter until fully paid.

"I understand that this course cannot be canceled and that the amount specified covers the total cost of all text matter, lessons and the services outlined for a period of five years.

"Willie F. Fell—Age 19,

"Ridgeland, S. C.

"Note. Enrollments of minors must be approved by parent, guardian or other responsible person signing the following guarantee.

"For value received, I hereby guarantee the payment of above contract as per terms specified.

"T. D. Fell, Surety.

"Date, August 19, 1925."

To the complaint, the defendant interposed this demurrer:

"Take notice that the defendant intends to demur to the complaint of this action on the grounds that it does not state facts sufficient to constitute an action, in that:

"(1) It is not alleged that any notice of the dishonor of the note, the subject of the action, was given to defendant.

"(2) Because, the contract being bilateral, it is not alleged that plaintiff performed his part thereof in full, or stands ready to do so."

Upon hearing the matter, Judge Mauldin issued the following order:

"On hearing oral demurrer to complaint interposed herein, ordered that the complaint be amended so as to allege notice from the plaintiff to the guarantor of the default of the principal, and that, unless the complaint be so amended in 20 days, the same be dismissed."

From this order both parties have appealed.

We will first consider the exception of the plaintiff, wherein the plaintiff imputes error to his Honor, the presiding Judge, as follows:

"That his Honor erred in holding and deciding that, in order to state a cause of action, it was necessary to allege that the plaintiff had given to the guarantor notice of default by the principal, whereas, he should have decided that no notice was required, and that the guarantor was liable for the default of the principal, regardless of notice."

As we view the facts alleged by the plaintiff, which alleged statement of facts, for the purpose of a consideration of the demurrer, must be assumed to be true, the defendant signed the contract in question as an absolute guarantor, and, as such was not entitled to notice of nonpayment of the contract by his minor son. It was, therefore, not incumbent on the plaintiff, in order to allege a cause of action, to allege that notice of nonpayment was given to defendant. The case, in our opinion, does not come within the provisions of the Negotiable Instrument Act (Civ. Code 1922, §§ 3652–3847). The question raised is decided by the decisions of this Court in the following cases: *Carroll County Savings Bank v. Strother,* 28 S. C., 504; 6 S. E., 313; *Equitable Surety Co. v. Illinois Surety Co.,* 108 S. C., 370; 94 S. E., 822; *Fales v. Browning,* 68 S. C., 24; 46 S. E., 545. This exception is therefore sustained.

The first of the defendant's exceptions imputes error to his Honor, the presiding Judge, in holding the verification of the complaint to be sufficient, after hearing the motion of defendant to require the plaintiff to accept service of an unverified answer. The complaint does not disclose which allegations are made on knowledge and which on information and belief, and the verification simply states that the party making the verification "has read the foregoing complaint, and knows the contents thereof to be true of his own knowledge, except as to matters therein alleged upon information and belief, and as to those matters he verily believes it to be true." Under the decisions of this Court, this verification is not sufficient, and we think that his Honor was in error in holding to the contrary and issuing an order not requiring the plaintiff to accept an unverified answer. In this connection, we call attention to the fact that the record discloses that, before the appeal in this case was completed, plaintiff's counsel offered to accept an unverified answer, and is willing at this time to do so.

In the defendant's second exception, he imputes error to his Honor, the presiding Judge, in failing and refusing to sustain defendant's second ground of the demurrer, as follows:

·  "(2)  Because, the contract being bilateral, it is not alleged that plaintiff performed his part thereof in full, or stands ready to do so."

The exception of the defendant imputing error to his Honor in this respect is as follows:   ·

"(2)  Because his Honor, the presiding Judge, erred in holding that performance of its part of the contract by the plaintiff was not a necessary allegation in the statement of its cause of action, whereas, he should have held that, as the contract was bilateral, in order to recover thereon plaintiff must allege performance or willingness to perform."

The complaint contains allegations to the effect that the said Willie F. Fell was duly enrolled for the course of instruction contracted for, and his course of instruction commenced; that the plaintiff herein entered into its contract, and mailed to the said Willie F. Fell the lessons called for under the contract until the 19th day of September, 1925, at which time the said Willie F. Fell refused to accept same, and notified and advised plaintiff that he did not intend to continue the course.   We think these allegations sufficient to allege a cause of action, and, after receiving this notice, the plaintiff was not required to continue to mail out the course of instruction, for it could serve no useful purpose.   This exception is therefore overruled.

It is the judgment of this Court that the judgment of the Circuit Court be modified in accordance with the views expressed herein, and that the cause be remanded for such further action as may not be inconsistent with the views expressed in this opinion.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and STABLER concur.