### 19845.   COKER *v.* EISON.

836

DECIDED JANUARY 30, 1930.

*J. P. Brooke,* for plaintiff in error. *G. D. Anderson,* contra.

BELL, J. A. C. Coker recovered a verdict and judgment in trover against V. V. Eison in Milton superior court on March 5, 1929. On the following day and during the same term Eison filed a motion to set aside the verdict and judgment, which motion, with a rule nisi granted thereon by the presiding judge, was duly served upon Coker.

The bill of exceptions recites that at the time and place of hearing Coker appeared and orally moved to dismiss the motion to set aside the judgment, upon the following grounds: (1) The same sets forth no legal reason why the judgment should be set aside or vacated. (2) The judgment being based upon a verdict of a jury,

a motion to set aside the judgment should not be granted for any cause not appearing upon the face of the pleadings. (3) By a motion for a new trial only could the verdict be set aside.

The motion to dismiss was overruled, and the court, after hearing evidence upon the motion to set aside, granted the same. Coker then brought the case to this court, assigning error upon the court's refusal to sustain his motion to dismiss and upon the judgment granting the motion to set aside. The trover suit was brought by Coker against Eison in the county of the defendant's residence, to recover a described automobile of the alleged value of $250. It was filed on August 9, 1928, and was accompanied by an affidavit for bail. Eison, the defendant, was served on August 11, 1928, and on the same date made the bail bond as required by law in such cases. The defendant made no appearance, and, the case being in default, the plaintiff appeared at the March term and obtained a money verdict and judgment against the defendant.

The original motion filed by Eison to set aside the verdict and judgment was based upon the following grounds: "At the time of filing said petition, said vehicle was not in the possession of this defendant, and had never been in his possession except as follows: On or about August 5, 1928, J. B. Wallace, a Federal prohibition agent seized said car at an illicit distillery in said county of Milton and charged said car with transporting illicit liquor, and took possession of same for the purpose of condemnation as provided by law. Acting under the orders of said Wallace, this defendant drove said car to his own home, where it was left for a few hours until said Wallace returned from Atlanta, when it was taken away by order of said Wallace. Defendant says that the said automobile was never in his possession except as stated; that it was in the possession, custody, and control of J. B. Wallace, officer as aforesaid. Defendant says that under said facts he never filed any plea to the proceedings against him, or [as?] he was told by those who he thought knew that it was not necessary under the circumstances, as the car was not in his possession when suit was filed, but was in possession of the United States government by and through its agent, and he was informed that to recover the car, proceedings would have to be filed in a different manner. At any rate no plea was filed, and on March 5, 1929, a judgment was rendered against this defendant for $250. Defendant says that under the facts and circumstances

herein stated said plaintiff is not entitled either at law or equity to a judgment against him, that it would be unfair and inequitable for this defendant to have to pay said judgment. Wherefore, the premises considered, this defendant shows that he has a good and meritorious defense as already herein stated, that he is ready for trial upon the merits upon a plea that he is ready to file instanter, if permitted by the court, and is ready to pay the costs of said proceeding and comply with any terms fixed by the court in said case."

By amendment the following further allegations were added to the motion: "Movant alleges and insists that the verdict against him rendered in said court is void for the reason that the automobile in question was seized by J. B. Wallace, a United States prohibition officer, a person lawfully authorized to seize and capture property used in connection with the manufacture of intoxicating liquors and held by him for the purpose of condemnation as provided by law. Movant says that under such circumstances said property was in custodia legis, and as such not subject to the action of trover, and that under the law trover would not lie in such a proceeding, and for this reason the superior court of Milton county was without jurisdiction to entertain an action of trover for the recovery of said automobile; the court being without jurisdiction, said judgment is void. Movant further says that said judgment was obtained by a legal fraud perpetrated upon him by the plaintiff in said cause, for the reason that he well knew that said automobile had been seized and charged with being used in the manufacture and transportation of intoxicating liquors, and knew that under the law trover would not lie for the recovery of the possession of said automobile; the plaintiff knew that said automobile was in custodia legis, and that it was a fraud upon the rights of the movant in this case to institute and prosecute said action of trover in said superior court. Movant shows that the possession of said automobile was acquired by the prohibition officer herein named in a manner provided and authorized by law; and, regardless of the fact whether it was subject to condemnation, such possession was not a conversion thereof, and trover would not lie for the recovery thereof; this being true, the judgment rendered in said case was void, and should be set aside, and the verdict in said case set aside."

It is unnecessary to set forth the evidence introduced in support of the motion.

The defendant in error has moved to dismiss the bill of exceptions upon the ground that there is no sufficient assignment of error. The assignment of error upon the ruling refusing to dismiss the motion to set aside was as follows: "The judge overruled respondent's motion to dismiss and directed the hearing to proceed, to which ruling the respondent excepted and now excepts, and assigns the same as error, and he says the same was error for each and all the reasons given by him in his said motion." The assignment of error upon the final judgment sustaining the motion to set aside the former judgment was in the following language: "To which order and judgment the respondent, A. C. Coker, excepted and now excepts, and assigns error thereon, and says that the same is contrary to law, contrary to the evidence, and without evidence to support it." There is no merit in the motion to dismiss the bill of exceptions. The motion to set aside the verdict and judgment failed to set forth any sufficient reason for granting the relief prayed for and should have been dismissed on motion made for that purpose. We think these conclusions are sustained by the authorities cited in the headnotes and that nothing further need be added.

*Judgment reversed.*    *Jenkins, P. J., and Stephens, J., concur.*