34160. McMURRIA MOTOR CO. INC. *v.* BISHOP *et al.*

DECIDED SEPTEMBER 13, 1952.

*A. Paul Cadenhead, Nall & Sterne,* for plaintiff in error.
*J. Willard Register, Young & Hollis, contra.*

SUTTON, C.J. McMurria Motor Company, a corporation, brought this suit against Charles A. Bishop and Mrs. Vesta Bishop, a partnership under the name and style of Bishop-Salter Body Works, and in its petition alleged substantially as follows: On or about January 28, 1950, George J. Golden delivered his 1947 Packard sedan to the plaintiff to have it repaired. Part of the work required to be done was to repair the left front fender and door, which had been damaged in a collision. The plaintiff, having no automobile-body shop of its own, employed the defendants and sublet said body work to them and delivered Golden's Packard to the defendants' place of business. The defendants returned the automobile to the plaintiff on or about February 3, 1950, after completing their work on it. The plaintiff gave the Packard a road test and in turn delivered it to its owner, Golden. On or about February 6, 1950, Golden and his wife left Columbus, Georgia, and were proceeding to Atlanta when, in the early afternoon, just north of Greenville, the left front wheel of Golden's Packard, being driven by his chauffeur, Charlie Cooper, came off the axle, causing the automobile to spin around in the highway and against a dirt bank, thereby damaging the car and injuring the occupants. When Golden's Packard was repaired by the defendsnts, they removed the left front wheel of the car and replaced it in such a manner that it was secured by only two rather than five lugs, and the lugs used by the defendants were not the proper type to secure automobile wheels, being cap screws rather than lug-held screws. The defendants were negligent in securing the left front wheel of the automobile by two instead of five wheel lugs, with the result that said wheel was insecurely fastened to the axle; in using cap screws to secure said wheel, with the result that said wheel became unfastened and fell off the automobile; in failing to ascertain whether said 'wheel was properly attached before returning the automobile to the plaintiff for redelivery to Golden; and in failing to advise the plaintiff of the condition of the wheel. These acts of negligence were the direct and proximate

cause of the Goldens' injuries. The plaintiff did no work on the Goldens' Packard after it was returned to the plaintiff by the defendants.

It was further alleged that the Goldens had brought separate suits against the plaintiff in the Superior Court of Muscogee County, one of which resulted in a verdict and judgment for $2000 in favor of Mrs. Golden, and the other resulted in a verdict and judgment for $500 in favor of George Golden; that the plaintiff had paid the amount of the judgments to the Goldens; and that the plaintiff, on December 2, 1950, through its attorneys, gave written notice of the pendency of these suits and vouched the defendants into court under the provisions of Code § 38-624, said notice having been duly served upon the defendants by the Sheriff of Muscogee County. A copy of the notice was attached as an exhibit to the petition and made a part thereof. Judgment for $2500 was prayed for.

The notice described the suits then pending against the plaintiff, and stated that they were returnable to and would be tried at the February term, 1951, of the Superior Court of Muscogee County, convening in the courthouse at Columbus on February 5, 1951. The defendants were requested to defend each of the suits.

This petition, with process requiring the defendants to answer within thirty days after service thereof, was served on the defendants, Charles A. Bishop and Mrs. Vesta Bishop, on September 13, 1951. At the February term of Muscogee Superior Court, on February 11, 1952, the defendants filed a motion to open default, in which they alleged the following: The suit was served on the movants on September 13, 1951, and they read four pages of it, through the signatures of the plaintiff's attorneys, and an exhibit complete on one page following these signatures. The movants did not see the process under the exhibit pasted to the inside of the cover to said suit. The movants have never been involved in litigation in the courts of this State or elsewhere, and they did not know that any action was required of them until the trial of the case. Upon receiving notice of the claim arising from the cases brought by the Goldens against McMurria Motor Company on October 16, 1950, the movants reported the notice to their insurer, which employed

the firm of Young & Hollis of Columbus to protect their interests. Thereafter, the insurer of McMurria Motor Company, through counsel, voluntarily entered into a settlement of the suits brought by the Goldens, and a consent verdict was taken and judgment rendered thereon by the court.

The copies of the present suit which were served on the movants were carbon copies, and the movants acted under the belief that the firm of Young & Hollis, Attorneys, was served with the original thereof and was protecting the movants' interests. During the previous week the movants noticed that this suit was set for trial on February 11, 1952, and they asked Young & Hollis when they should appear in court. The movants then learned that Young & Hollis did not know that this suit was pending, and the movants were informed that the case was in default. Each of the movants is absolutely unfamiliar with process and petitions in civil suits, and unaware of the time limits within which answers to suits must be filed.

"Movants show that they have a meritorious defense to said suit in that movants were not employed to repair the left front wheel of the vehicle named in said suit, but were employed to place on said vehicle the left front fender which was furnished by McMurria Motor Company Inc., and to make certain repairs to the left front door; that the damages for which the present suit is brought against movants are based upon alleged negligent repair of the left front wheel of said vehicle which repair was never assigned to or assumed by movants, and the condition of said left front wheel was never the responsibility of the movants; that one of movants actually called a rattle in the front end to the attention of the shop manager of McMurria Motor Company Inc., upon redelivery of said car to him and after completion of all the repairs which movants were employed to make."

It was further alleged that the movants had paid the costs in the case; that they stood ready to plead instanter; and that they announced ready to proceed with the trial of the case as soon as it was called.

The plaintiff made an oral motion, in the nature of a general demurrer, to strike the defendants' motion to open the default, and it was stipulated that such oral motion could be made with-

out formally drawing a general demurrer. The motion to strike was denied, and the plaintiff excepted pendente lite, assigning error on this ruling in its bill of exceptions to the final judgment of nonsuit.

■ Code § 110-404, as amended by the act of 1946, provides: "At any time before final judgment, the judge, in his discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of a plea, or for excusable neglect, or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and announce ready to proceed with the trial." See Code (Ann. Supp.), § 110-404. "The act of 1946 (Ga. L. 1946, pp. 761, 778), amending the Code, § 110-404, to the extent of providing that a default may be reopened at any time before final judgment, did not enlarge the discretion of the trial judge, which must always be exercised in accordance with law." *Green* v. *Whitehead,* 204 *Ga.* 274, 276 (a) (49 S. E. 2d, 527). "While this section gives to a judge a broad discretion, it does not mean that he can act arbitrarily, but that he may exercise a sound and legal discretion. It does not give him authority to open a default capriciously or for fanciful or insufficient reasons. 'Excusable neglect' does not mean gross negligence. It does not mean a willful disregard of the process of the court, but refers to cases where there is a *reasonable excuse* for failing to answer." *Brucker* v. *O'Connor,* 115 *Ga.* 95, 96 (41 S. E. 245).

The motion to open the default shows that the defendants did not read the process requiring them to answer the petition within thirty days from the service thereof. Even illiteracy does not excuse one from using diligence to ascertain correctly the contents of a notice duly served. *Sutton* v. *Gunn,* 86 *Ga.* 652, 658 (12 S. E. 979). The defendants here were able to read, but read no further than the four pages of the petition and the exhibit thereto. While it is alleged in the motion that the defendants did not know that any action was required of them until the trial of the case and that they were absolutely unfamiliar with process and petitions in civil suits, the motion

also shows that, upon receiving the avouchment notice in the suits filed by the Goldens against the plaintiff motor company, the defendants herein notified their insurer, which in turn employed attorneys to represent their interests. The excuse advanced for the defendants' failure to give notice of the service of the present suit to their insurer or to its counsel is that, as the defendants had received a carbon copy of the petition, they assumed that the original thereof had been served upon counsel for their insurer, although no insurance company was named or mentioned in the petition. The defendants' mistaken belief that they were being represented in the present suit by the counsel for their liability insurance company is no excuse for their laches, where it does not appear that the defendants took any action whatever to notify such counsel of the service of the suit for a period of almost five months. See, in this connection, *Brucker v. O'Connor,* 115 *Ga.* 95 (supra); *Ingalls* v. *Lamar,* 115 *Ga.* 296 (41 S. E. 573); *Moore* v. *Kelly & Jones Co.,* 109 *Ga.* 798 (35 S. E. 168); *Martin* v. *Shields,* 144 *Ga.* 179 (86 S. E. 538); *Hall v. Holman,* 15 *Ga. App.* 659 (2) (84 S. E. 174); *Johnson* v. *Sikes,* 22 *Ga. App.* 46 (1) (95 S. E. 469); *Daniel* v. *Citizens' Loan &c. Co.,* 23 *Ga. App.* 684 (2) (99 S. E. 226); *Rawls* v. *Bowers,* 48 *Ga. App.* 324 (2) (172 S. E. 687). The motion to open the default failed to show either providential cause preventing the filing of an answer or excusable neglect on the part of the defendants, and the motion to strike, in the nature of a general demurrer to the motion to open the default, should have been granted.

■ Furthermore, the motion to open the default did not set forth a meritorious defense to the case alleged in the petition. The petition showed that the plaintiff contracted with the defendants for the defendants to do certain body work to the left front fender and door of an automobile belonging to Golden, and that, in doing this repair work, the defendants removed the left front wheel and replaced it so that it was secured by only two instead of five lug bolts, as a consequence of which the wheel later came off the automobile, causing injury to the Goldens who were then riding in it. The petition does not allege that the defendants were employed to repair the left front wheel, but merely shows that the defendants removed the

wheel in making the repairs ordered to the left front fender and door. The defense set out in the motion does not deny that the defendants removed the wheel and improperly replaced it, as alleged in the petition, but only shows that the defendants did not undertake to repair the left front wheel and concludes that the defendants were therefore not responsible for the condition of the wheel. These allegations of the motion to open the default were not responsive to those of the petition, and set up no sufficient or meritorious defense to the petition. The motion to open the default failed to comply with the requirements of the Code, § 110-404, supra, in this respect, and for this reason also should have been stricken on the motion of the plaintiff.

■ The court erred in refusing to strike the motion to open the default incurred by the failure of the defendants to answer the petition within thirty days from the service thereof, and the further proceedings in the case were nugatory. *Coker* v. *Eison,* 40 *Ga. App.* 835 (4) (151 S. E. 682).

*Judgment reversed. Felton and Worrill, JJ., concur.*