38023.   GODFREY *v.* HOME STORES, INC.

DECIDED JANUARY 27, 1960—REHEARING DENIED
MARCH 15, 1960.

*Harris, Harris & Glover, Graham Glover,* for plaintiff in error.
*Matthews, Maddox, Walton & Smith, John W. Maddox,* contra.

QUILLIAN, Judge. ■ The assignments of error are not too general, insufficient, or vague so as to be denied consideration by this court. The court is able to ascertain the legal questions raised by the plaintiff in error. *Anderson* v. *Newton,* 123 *Ga.* 512 (51 S. E. 508).

■ Defendants to a suit must file all pleadings on or before the time stated in the process as appearance day. Code (Ann.) § 81-301. In the event such pleadings are not filed, the case is considered in default, but may be opened as a matter of right within 15 days after appearance day upon payment of cost. Code (Ann.) § 110-401. The method by which a default may be

opened and defensive pleadings filed is prescribed by Code (Ann.) § 110-404. *Wallis* v. *McMurry*, 91 *Ga. App.* 549 (86 S. E. 2d 529). Although a motion to open a default is addressed to the sound discretion of the trial judge, such discretion must always be exercised in accordance with the law. *McMurria Motor Co.* v. *Bishop*, 86 *Ga. App.* 750, 754 (72 S. E. 2d 469); *Green* v. *Whitehead*, 204 *Ga.* 274 (49 S. E. 2d 527).

*Coker* v. *Eison*, 40 *Ga. App.* 835 (151 S. E. 682) holds that the fact that a party relies upon the advice of "those he thought" knew the law as to when he should file his pleadings is no excuse for failure on his part to comply with the statute's requirement in that regard. A party is not justified in ignoring the process of the court by acting on advice alone. See also *Davison-Paxon Co.* v. *Burkart*, 92 *Ga. App.* 80 (88 S. E. 2d 39). A defendant must use diligence to learn the contents of such notice of a pending suit. *McMurria Motor Co.* v. *Bishop*, 86 *Ga. App.* 750, 754, supra.

Applying the above principles of law to the instant case, we conclude that the trial judge erred in opening the default. The only facts set out in the defendant's motion to show an excuse for failing to plead is that the defendant's agent did not know or understand that the suit must be answered by a certain date. Under the above authorities, the defendant would not be entitled to rely upon such advice and ignore the court's process. *Coker* v. *Eison*, 40 *Ga. App.* 835, supra. But even if the advice of the good sheriff should be considered a valid excuse for Harper's delay in entering the defensive pleadings, the delay was not caused by any conversation Harper had with the sheriff. This is apparent because when the conversation occurred the time for filing defensive pleadings in the case had already expired. The time fixed by statute for filing defensive pleadings was May 18, 1959, and the conversation did not take place until May 28, 1959. By that time the suit was already in default.

As to the allegations that Harper did not know or understand that the suit must be answered by a certain date, the defendant did not set forth facts to support this contention, and without such additional facts being pleaded, the motion does not show excusable neglect on the defendant's part. The copy of the peti-

tion and process passed through two other agents of the defendant corporation before reaching Harper. The motion makes no explanation of the delay of these agents in transmitting the papers to Harper, nor is any reason given as to why Harper could not have become informed as to the time of filing defensive pleadings in response to the petition and process. This case is very similar to *Davison-Paxon Co.* v. *Burkart*, 92 *Ga. App.* 80, 84, supra, wherein a wife failed to deliver a served petition to the defendant husband which resulted in the husband not filing defensive pleadings. The court held: "The defendant's grievance, if any, is properly not against the court which rendered the default judgment, but against the person, his wife, who brought about his misfortune by preventing him from filing what he conceives to be a good defense to the original suit." The defendant corporation's grievance in the instant case is with its agents and not with the court. The trial court erred in opening the default and allowing defensive pleadings to be filed.

■ Where the case is in default, the plaintiff can not recover when the petition does not set out a cause of action. *Royal Indem. Co.* v. *Pharr*, 94 *Ga. App.* 114 (93 S. E. 2d 784); *Nix* v. *Luke*, 96 *Ga. App.* 123 (99 S. E. 2d 446). The defendant contends that the petition is not sufficient on six grounds as follows: (a) The alleged prosecution was not for a criminal offense or under a valid warrant; (b) the petition does not show that the prosecution finally terminated in the plaintiff's favor; (c) no proper allegations of want of probable cause or malice are made; (d) the petition shows and claims no actual, general, special, or nominal damages; (e) the petition does not show that the defendant, Homes Stores, Inc., instigated or carried on the prosecution; (f) the petition showed on its face that any action for damage to character and reputation was barred by the statute of limitations.

The grounds on which the motions attack the petition are in substance grounds of general demurrer. The question for consideration is whether any of these grounds point out fatal imperfection in the petition.

Ground (a) was as stated, that the alleged prosecution was not for a criminal offense or under a valid warrant. It is true that to

support an action for malicious prosecution there must be a valid warrant. *Cary* v. *Highland Bakery*, 50 *Ga. App.* 553 (179 S. E. 197); *Pye* v. *Gillis*, 9 *Ga. App.* 397 (71 S. E. 594). If the warrant is void the action will lie for false imprisonment. See *Satilla Mfg. Co.* v. *Cason*, 98 *Ga.* 14 (25 S. E. 909, 58 Am. St. Rep. 287). The plaintiff was arrested under an affidavit and warrant as shown in the foregoing statement of facts. Under the holdings of the *Pye* case, supra, the definiteness, certainty, and particularity of an indictment are not required of the affidavit and warrant but it is only necessary to name the offense in a general way. The affidavit and warrant were valid and sufficient to arrest the plaintiff for cheating and swindling by attempting to pass a bad check. See *Davison-Paxon Co.* v. *Norton*, 69 *Ga. App.* 77 (24 S. E. 2d 723).

Ground (b) that the prosecution was not shown to have terminated in the plaintiff's favor is without merit. The petition alleges that a hearing was held on April 19, 1957, in the city recorder's court where the charges were dismissed. We construe this as a final determination. *Pickard* v. *Bridges*, 7 *Ga. App.* 463 (67 S. E. 117); *Garrett* v. *Foy & Adams Co.*, 21 *Ga. App.* 613 (2) (94 S. E. 822). See also *Sykes* v. *South Side Atlanta Bank*, 53 *Ga. App.* 450 (186 S. E. 464); *Josey* v. *Cochran*, 9 *Ga. App.* 656 (72 S. E. 42).

Ground (c) that no "proper" allegation of want of probable cause or malice appears in the petition we think is determined adversely to the defendant by previous holdings of our courts. With this contention *Darnell* v. *Shirley*, 31 *Ga. App.* 764 (2) (122 S. E. 252) holds: "The 'malice' contemplated by law in an action for malicious prosecution is the same as in an action for malicious arrest, and 'may consist in personal spite or in a general disregard of the right consideration of mankind, directed by chance against the individual'." The *Darnell* case further holds (headnote 6) that "In determining whether or not there was a total want of probable cause for a criminal prosecution alleged to have been maliciously carried on the question is not whether the accused was actually guilty of the offense with which he was so charged, but the real question is whether the prosecutor had reasonable cause so to believe,—that is, whether the circum-

stances at the time of the prosecution were such as to create in the mind of the prosecutor a reasonable belief that there was probable cause for the prosecution. *Hartshorne* v. *Smith*, 104 *Ga.* 239 (30 S. E. 666)." The petition shows that the plaintiff presented a check drawn by a third party to be cashed to pay for goods intended to be purchased. The defendant's manager could have refused to honor the check, but this he did not do. The petition alleges that the manager procured a warrant for the arrest of the plaintiff. Under the allegations of the petition, there was a lack of probable cause. To hold otherwise would subject any citizen who tendered a check to be cashed to summary arrest and detention. The alleged acts of the manager were in general disregard of the right consideration of mankind, directed by chance against the individual. Code § 105-1002; *Darnell* v. *Shirley*, 31 *Ga. App.* 764, supra. See *Auld* v. *Colonial Stores*, 76 *Ga. App.* 329 (45 S. E. 2d 827). While it may well be true that other facts may have been shown to establish probable cause, these facts are matters of defense and are not before us on the question of general demurrer.

Ground (d) that the petition claims no actual, general, special, or nominal damages is in conflict with the record. The petition alleged facts showing the plaintiff was entitled to general damages in a specific amount and prayed for a recovery of such damages. Moreover, if the allegations of the petition entitled the plaintiff to recover only nominal damages, the action would not be subject to dismissal. *Young* v. *Western & Atlantic R.*, 39 *Ga. App.* 761 (2) (148 S. E. 414).

The contention of ground (e) that the petition does not show the defendant instigated or carried on the prosecution is without merit. The petition shows that the plaintiff was arrested and prosecuted at the behest and under the directions of the defendant corporation's store manager. The duties of a manager obviously embrace all of the normal functions, and include all of the usual duties connected with the operation of the store. Under the holding of *Conney* v. *Atlantic Greyhound Corp.*, 81 *Ga. App.* 324 (58 S. E. 2d 559) the petition may allege facts from which it may be inferred that a corporation's agent acted within the scope of his employment and the prosecution of his master's

276

business. The petition in this case met the requirement. Similar cases are *Great A. & P. Tea Co.* v. *Dowling,* 43 *Ga. App.* 549, 552 (159 S. E. 609); *Hickman* v. *Paulk,* 96 *Ga. App.* 589 (2) (100 S. E. 2d 634); *Auld* v. *Colonial Stores,* 76 *Ga. App.* 329, supra. The defendant's view is that the tortious act must be a part of the servant's employment. Customarily, employers do not engage persons to commit actionable torts. The servant commits a tort in the course of and arising out of his employment when the wrongful act is done in carrying on the normal functions of his employment. Harper was described as the defendant corporation's store manager. Included in the usual responsibilities of a store manager is to prevent fraud being perpetrated upon the store owner in connection with the business. When in the performance of this duty the manager causes the prosecution of another, his employer, the store owner is under the doctrine of respondeat superior legally liable for his conduct.

Ground (f) asserts that the petition shows on its face that the action is barred. The arrest occurred according to the petition on March 29, 1957. The plaintiff's prosecution was alleged to have terminated on April 19, 1957. Code § 105-806 provides that the cause of action does not accrue until the prosecution has terminated. See *Kennemer* v. *Shahan,* 40 *Ga. App.* 140 (148 S. E. 923). The statute began to run from such termination (April 19, 1957) and since the plaintiff had two years to file his action (*McCullough* v. *Atlantic Refining Co.,* 50 *Ga. App.* 237, 177 S. E. 601; *Davison-Paxon Co.* v. *Norton,* 69 *Ga. App.* 77, supra), the petition is not barred by the statute of limitations.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*